IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   No.  13 C 5928
                                    )
KEVIN ENGLISH #41269-424,           )
                                    )
            Defendant.              )

## MEMORANDUM ORDER

Kevin English ("English"), using a printed form provided by the Clerk's Office, has filed a self-prepared 28 U.S.C. §2255 ("Section 2255") motion in which he seeks to challenge the 169-month custodial sentence that this Court imposed on him following his guilty plea to Count Three of the indictment in this case (the only count in which English was charged). This Court has conducted the preliminary review called for by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), and it holds that the motion calls for a swift denial.

What English alleges in his motion is limited to a single ground (Motion ¶14):

In lite of the recent decision of Alleyne vs. USA.

And here is English's assertion as to the supporting facts, as stated in the same Motion ¶14:

My sentence was increased due to 5 level enhancement.

English obviously does not understand the inapplicability to this case of the recent decision in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013). This is not said by way of criticism, for understanding the principles that underlie any lengthy Supreme Court decision is understandably difficult for a nonlawyer. Here in brief is the fundamental gravamen of the <u>Alleyne</u> decision (the first short quotation is from 133 S.Ct. at 2156 (citations omitted), while the second quotation is from <u>id</u>. at 2158:

> The Sixth Amendment provides that those "accused" of a "crime" have the right to a trial "by an impartial jury." This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt. The substance and scope of this right depend upon the proper designation of the facts that are elements of the crime.
>
> \*      \*      \*
>
> The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an "element" or "ingredient" of the charged offense.

<u>Alleyne</u>'s specific holding, applying that gravamen, was that any fact that would increase the mandatory minimum sentence for a charged offense must also be submitted to a jury for its determination.

Nothing of the sort was involved in English's case. Instead he pleaded guilty to a bank robbery, a charge that carries a potential 20-year maximum sentence but prescribes <u>no</u> mandatory minimum sentence (18 U.S.C. §2113(a)). In addition, English

2

stipulated in his plea agreement to having committed another such robbery.[1] It was that combination, plus English's qualification as a career offender under the Sentencing Guidelines ("Guidelines"), that caused the offense level under the Guidelines to reach a net level of 29--and that offense level, when coupled with English's extraordinarily lengthy prior criminal record (his criminal history points aggregated 27, placing him in the criminal history category of VI[2]), resulted in an advisory Guideline range of 151 to 188 months' imprisonment.

As stated earlier, this Court imposed a custodial sentence of 169 months, a sentence at the midpoint of the advisory Guideline range. In short, nothing about English's case has been impacted by the Alleyne decision.

It is therefore an understatement to say, in the words of Section 2255 Rule 4(b), that "it plainly appears from the motion...and the record of prior proceedings that the moving party is not entitled to relief." That being so, this Court "must dismiss the motion" (id.)--and it does so and directs the

---

[1] When a defendant stipulates to the commission of a crime, there is nothing that requires determination by a jury, any more than a jury must find a defendant guilty of an offense where that defendant has pleaded guilty to the offense.

[2] That calculation was independent of English's career offender status, which also corresponded to a criminal history category of VI.

3

Clerk to notify English to that effect.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 23, 2013

4